### Burress *et al.* v. Diem *et ux.*

No. 13.    Opinion Filed May 12, 1909.

(101 Pac. 1116.)

**LANDLORD AND TENANT—Action for Rent—Directing Verdict.**
Where the payment of a sum certain is a condition precedent to a right to surrender a lease and where, on a suit for rent due thereon, a prior surrender thereof is pleaded in defense thereto; but there is no evidence tending to show that said sum certain was ever paid or tendered, and the evidence is insufficient to show that it was waived, it was not error for the trial court to direct a verdict for the plaintiff.

(Syllabus by the Court.)

*Error from Probate Court, Pawnee County; G. T. Graves, Judge.*

Action by W. E. Diem and others against J. M. Burress and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*W. O. Cromwell* and *Fred M. Elkins,* for plaintiffs in error. *William Blake,* for defendants in error.

TURNER, J. On August 20, 1906, W. E. Diem and Sarah Diem, his wife, defendants in error, plaintiffs below, sued J. M. Burress, T. J. Crummell, and J. M. Armstrong, plaintiffs in error, defendants below, as partners, in the probate court of Pawnee county for $361.40, 13 months' rent due at the stipulated rate of $27.80 per month, from July 4, 1905, to which time it had been paid, on an oil and gas mining lease on a certain 20-acre

tract of land in said county, made, executed, and delivered on May 4, 1905, by defendants in error to plaintiffs in error for a term of two years, which said lease is filed as an exhibit to their petition. For answer, defendants denied in general terms "any liability whatever * * * upon plaintiffs' cause of action," founded upon said lease, and alleged a surrender thereof prior to July 4th and the accrual of any of said rents thereunder. By way of reply plaintiffs denied said surrender, averred said lease to be in full force and effect, and prayed judgment as set forth in their petition. After a ruling of the court that the burden was upon defendants to prove said surrender, there was a trial to a jury; and at the close of the evidence, on motion of plaintiffs, the court instructed the jury to return a verdict in their favor for $361.40, which was done, and judgment entered accordingly, to all of which defendants duly excepted, and after motion for a new trial was filed and overruled, and exceptions saved, bring error to this court.

As error it is contended that, "there being conflict of testimony as to the matter of surrender, it should have been left to the jury." Wherein there was material conflict in the evidence on the question of the surrender of the lease, plaintiff in error fails to point out, and we can find none. Neither is the evidence relied on as sufficient to constitute a surrender attempted to be set forth. In fact, it is not contended that such evidence existed. The evidence in substance discloses that the lease provided that the lessees, plaintiffs in error, agreed to pay as rent $27.80 monthly in advance until a well was completed on the land and until the royalties from a well or wells thereon exceeded such rentals, and that they should have the right to surrender said lease upon payment to said lessors of $30. There is no evidence tending to show that said amount was ever paid or tendered, and while there is some evidence tending to show that it was waived, in that after the alleged surrender the lessors sought to rent the land, it is nowhere contended that such evidence was sufficient for that purpose. All that was done by the lessees with reference to a surrender of said lease was that one

of them left his home in Nebraska and came to Cleveland, where the lessors lived, went to their home to return it to them, but, not finding them there, mailed it to Mr. Diem, one of the lessors, before said lessee started on his way back to Nebraska. It is unnecessary to cite authorities to show that a payment or tender of said $30 was a condition precedent to a right of surrender, and that this evidence was not sufficient to require the trial court to submit the case to the jury.

It is next contended that said instruction "is apparently erroneous, in that it directs the amount of the verdict." In their brief plaintiffs in error have nothing to say in support of this assignment of error, concerning which we think it is sufficient to say that, as the evidence discloses that there was due defendants in error on this lease $27.80 per month rent from July 4, 1905, we are of the opinion that the court, being correct in ruling that there was no surrender thereof, did not err in making the computation of the amount due them by virtue of its terms and directing the jury to find accordingly.

The judgment of the lower court is affirmed.

All the Justices concur.