### NORTHWESTERN OIL & GAS CO. v. BRANINE et al.

No. 9286—Opinion Filed Oct. 8, 1918.

(175 Pac. 533.)

(Syllabus.)

**Oil and Gas—Lease—Consideration—Cash Bonus—Validity.**

Where a cash bonus of $160 was paid for an oil and gas lease which provided that lessee should commence the drilling of a well within 12 months from the date thereof or pay a quarterly rental of $40, and further provided that the lessee might at any time

upon the payment of a further sum of $2 and as accrued liabilities surrender the leased premises and terminate all future liabilities under the lease, held, that the cash bonus supports each and all the covenants in the lease; and held, further, that the presence of a surrender clause in said lease did not render the same void for want of mutuality nor confer on the lessor the right to terminate said lease at will.

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by Elmer L. Branine and another against the Northwestern Oil & Gas Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Geo. S. Ramsey, G. Earl Shaffer, Wm. H. England, Edgar A. De Meules, Malcolm E. Rosser, Villard Martin, and J. Berry King, for plaintiff in error.

John J. Hildreth, Ezra Branine, Harry W. Hart, Chas. E. Branine, and Harold R. Branine, for defendants in error.

HARDY, J. Elmer L. Branine and Mary E. Branine commenced an action on the 18th day of January, 1917, against the Northwestern Oil & Gas Company to cancel and remove as a cloud upon their title a certain oil and gas lease, the pertinent parts of which are as follows:

"Agreement, made and entered into the 3d day of Aug., A. D. 1915, by and between Elmer L. Branine & Mary E. Branine, his wife, of Hunnewell, Okla., parties of the first part, lessors, and Northwestern Oil & Gas Co., party of the second part, lessee, witnesseth:

"That the said parties of the first part for and in consideration of the sum of one dollar to them in hand well and truly paid by the said party of the second part, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the party of the second part to be paid, kept and performed, has granted, demised, leased and let and by these presents do grant, demise, lease and let unto the said second part—, their heirs, executors, administrators, successors or assigns, for the sole and only purpose of mining and operating for oil and gas, and of laying pipe lines, and of building tanks, powers, stations and structures thereon to produce and take care of said products, all that certain tract of land situate in the county of Kay, state of Oklahoma, described as follows, to wit:

"The southeast quarter (¼) of sec. fifteen (15), township (29) north, range (1) west of section 15, township 29, range 1 and containing 160 acres, more or less. It is agreed that this lease shall remain in force for a term of five years from this date and as long thereafter as oil or gas, or either of them, is produced from said land by the party of the second part, their heirs, administrators, executors, successors or assigns. * * *

"The party of the second part hereby agrees to complete a well on said premises within one year from the date hereof, or to pay at the rate of forty ($40.00) dollars for each additional three months such completion is delayed from the time above mentioned for the full completion of such well until a well is completed; and it is agreed that the completion of such well shall be and operate as a full liquidation of all rent under this provision during the remainder of the term of this lease. * * *

"The party of the second part, its successors or assigns, shall have the right at any time, on the payment of two dollars to the party of the first part, their heirs or assigns, to surrender this lease for cancellation after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine; provided, this surrender clause and the option therein reserved to the lessee shall cease and become absolutely inoperative immediately and concurrently with the institution of any suit in any court of law or equity by the lessee to enforce this lease, or any of its terms, or to recover possession of the leased land, or any part thereof, against or from the lessors their heirs, executors, administrators, successors or assigns, or any person or persons. All covenants or agreements herein set forth between the parties hereto shall extend to their successors, heirs, executors, administrators and assigns."

It appears from the agreed statement of facts that $160 was paid to plaintiffs at the time of the execution of said lease, and that all of the rentals were tendered by the lessee before the date they were payable, in strict conformity with the terms of the lease, but that said tenders were refused by plaintiffs.

It is agreed that the sole question presented is whether the presence of a surrender clause in the lease, whereby 'the lessee might, on the payment to lessors of the sum of $2, surrender said lease and relieve itself from any further liability thereunder, rendered the lease unilateral and voidable for want of mutuality and conferred a corresponding right on the lessors to terminate said lease at will, and to refuse to accept rentals when tendered, though tendered in strict conformity with the terms of the lease.

Plaintiffs rely on the case of Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, L. R. A. 1917B, 1184, and concede that, if the decision in that case does not govern here, the judgment of the trial court in plaintiff's favor, canceling the lease, should be reversed and the cause remanded.

At the time the lease was executed, it. was not certainly known whether oil and gas, or either of them, would be found upon the premises, and the development thereof would naturally be attended with the hazards incident to the development of unproven territory. Should a failure result, the loss would be borne wholly by the lesse , while, on the contrary, should development prove successful, the lessor, without having run any risk incident to the exploration, would receive a substantial part of the proceeds from the oil and gas produced therefrom. With this situation in the minds of the parties, it was one of the stipulations in the lease that if a well should not be commenced within 12 months from the date thereof the lessee should have the right to delay operations by paying to the lessors $40 per quarter. The lease itself is couched in plain and unambiguous language, and there is no claim made of any fraud, deception, or unfair dealing by the lessee in procuring it. There is no legal impediment shown which would prevent the parties from entering into any contract which they saw fit, nor from expressing it in language of their own choice, and under these circumstances it is the duty of the court to give effect to the meaning and intention of the parties as expresed in the language of the contract, and the court has no right to make a contract for the parties different from that actually entered into by them. Section 949, Rev. Laws 1910; Cohn v. Clark, 48 Okla. 500, 150 Pac. 467, L. R. A. 1916B, 686.

It is contended by plaintiffs that the lease in question does not bind the lessee to drill or pay, and therefore they have the right to terminate same because of the presence of the surrender clause therein. Just here we believe it will be helpful to inquire what is the status of the parties under the contract, and what are their respective rights and liabilties. Plaintiffs claim that the oft repeated doctrine, that "contracts which are unperformed that are optional as to one party are also optional as to the other," applies. Is the contract in question one of the character to which this rule is properly applicable? The mere fact that it may constitute an option is not sufficient to bring it within the operation of this rule, for it is of the very essence of an option contract that they are not mutual, for the optionee pays his money or performs his promise for the right of electing whether he will require performance by the other party, and the optionor reliquishes his right of choice for the consideration received by him. Brick Co. v. Bailey, 76 Kan. 42, 90 Pac. 803,

12 L. R. A. (N. S.) 745; Poe v. Ulrey, 233 Ill. 57, 84 N. E. 46.

The rule urged only has application to contracts that are wholly executory and unperformed, in that they consist of mutual promises, each the consideration of the other, and where it is optional with one of the parties whether he will perform his promises, in which cases it is also optional with the other. 9 Cyc. 327; 13 C. J. 331, § 179; Lindlay et al. v. Raydure (D. C.) 239 Fed. 928. The lease herein involved was not wholly executory and unperformed. So far as the lessors were concerned, the lease was wholly executed and by its terms there was granted to the lessee an estate in possession, which vested immediately on its execution and delivery, under which lessees had the right, according to the terms of the lease, for a period of five years to make exploration on the leased premises. Frank Oil Co. v. Belleview Oil Co., 29 Okla. 719, 119 Pac. 260, 43 L. R. A. (N. S.) 487; Brennan et al. v. Hunter et al., 68 Okla. 112, 172 Pac. 49. Nor was the lease wholly executory as to the lessee. The consideration of $160 had been paid to and accepted by the lessors at the time of its execution, and four successive quarterly payments had been tendered by the lessee in strict conformity with the terms of the lease. There was therefore part performance by the lessee.

The fact that the lease conferred upon the lessee the option of drilling or paying or taking advantage of the surrender clause and terminating the lease did not render same void for lack of mutuality. Options in leases granting to the lessee the privilege of purchasing the leased premises are valid, and such an option has been recognized in this state. Jones v. Moncrief-Cook Co., 25 Okla. 856, 108 Pac. 403. And no good reason can exist why an option to terminate a lease of the character here involved, when supported by a consideration, should not be upheld. Lindlay v. Raydure (D. C.) 239 Fed. 928. In fact, leases of this character have been before this court in a number of cases, and their validity has been recognized. Burress et al. v. Diem et ux., 23 Okla. 776, 101 Pac. 1116; Cohn v. Clark, 48 Okla. 500, 150 Pac. 467, L. R. A. 1916B, 686; McKee v. Grimm, 57 Okla. 680, 157 Pac. 308.

The decision in Brown v. Wilson held that the $1 paid upon the execution of the lease supported only the first term or the period in which a well should be commenced, and supported no other condition of the lease. When this construction was placed upon the contract therein involved, it logically followed that the remaining conditions of the

lease were without consideration. The decision in that case was also based upon the ground that lessees had made default in the payment of rentals according to the terms of the contract, and that the lessor had the right, under the forfeiture clause, to declare the lease at an end. It is urged that that portion of the opinion holding that the surrender clause rendered the lease unilateral and subject to be terminated at the option of the lessee was in conflict with previous decisions of this court. If it be kept in mind that the $1 paid upon the execution of the lease was held not to support any condition of the lease other than the boring period, there would be no conflict. A number of cases decided by this court have presented for consideration leases wherein were contained a surrender clause, and prior to Brown v. Wilson in every instance leases have been upheld.

Before reviewing the opinions upon this point, it is well to observe a general distinction between the different kinds of leases which are in common use in this state. Most of them naturally fall in two classes, commonly designated as the "or lease" and the "unless lease," and leases belonging to these respective classes possess such marked distinctions in the rights and liabilities of the parties thereunder that these distinctions should not be lost sight of. Under what is known as the "unless lease," the lessee, so long as he pays the rentals in the manner provided, has an option to continue the lease in force. Frank Oil Co. v. Belleview Oil Co., 29 Okla. 719, 119 Pac. 260, 43 L. R. A. (N. S.) 487; Deming Inv. Co. v. Lanham, 36 Okla. 773, 130 Pac. 260, 44 L. R. A. (N. S.) 50. Such a lease is subject to termination at the will of the lessee, which privilege may be exercised by a mere failure to pay the stipulated rental at the time due, upon the happening of which the lease automatically terminates and the lessor cannot maintain an action against the lessee for rentals. But even in an "unless lease" the lessor has not the right to terminate the lease as long as the lessee complies with its terms.

In Frank Oil Co. v. Belleview Oil & Gas Co., supra, the lease provided that if no well was commenced within one year from date the lease should become null and void, unless the lessee should pay $80 for each year thereafter such completion was delayed. It was held that this provision did not bind the lessee to pay any rent for the land or for delay in commencing operation, but that said lease amounted to an option preventing the lessor after receiving the consideration for any period from leasing to another, and that lessee had the option to keep the

lease alive by making the payments in accordance with the terms of the lease. In Deming Inv. Co. v. Lanham, supra, the court held that the lessor in an "unless lease" could not recover rentals thereunder, and in this case the court reiterated the doctrine that the lessee had the option by paying the rentals to keep the lease alive. The lease in the last-cited case contained a surrender clause. If, under these leases, the lessee had the option, as the court clearly said he had, to keep the lease alive by paying the prescribed rentals, certainly the lessor could not terminate same at will, for the existence of the option by the lessee is inconsistent with and negatives the existence of this right on the part of the lessor.

On the other hand, under the "or lease," even when containing a surrender clause, the payment of rentals by the lessee, according to the terms of the lease, is not necessary to keep it alive from time to time, nor does the failure to pay automatically terminate the contract, as under the "unless lease," and where the lessee makes default in the payment of rentals the lessor may waive the forfeiture clause and may sue and recover rentals due according to the terms of the lease. Burress v. Diem, supra; Cohn v. Clark, supra; McKee v. Grimm, supra. The lessee, however, may terminate the lease at any time by availing himself of the right to do so contained in the surrender clause and by paying all the accrued rentals due at the time of surrender. Cohn v. Clark, supra; Burress v. Diem, supra.

It is a contradiction to say that the lessor in an "or lease" may waive his right to declare a forfeiture for nonpayment of rentals and sue for and recover such rentals until a surrender is made in accordance with the surrender clause, and then say that the presence of this clause renders the lease void for want of mutuality. If the lease was void for this cause, the right upon the part of the lessor to sue for rentals would not exist. In the three cases cited when this court sustained a recovery by the lessor, the validity and binding force of these contracts was recognized, for a recovery could not be upheld upon any other theory, while the court has refused to compel the execution of a lease containing a surrender clause in conformity with an agreement to do so. Superior Oil & Gas Co. v. Mehlin, 25 Okla. 809, 108 Pac. 545, 138 Am. St. Rep. 942; Hill Oil & Gas Co. v. White, 53 Okla. 748, 157 Pac. 710. And has also refused specific performance of such a lease when executed for the reason that the surrender clause therein contained gave to the lessee the option to terminate same at any time. Kolachny v. Gal-

breath, 26 Okla. 772, 110 Pac. 902, 38 L. R. A. (N. S.) 451. And has also held that such contracts will be strictly construed against the lessee. Kolachny v. Galbreath, supra; Frank Oil Co. v. Belleview Oil Co., 29 Okla. 719, 119 Pac. 260, 43 L. R. A. (N. S.) 487. These holdings are far from saying that such contracts are void when based upon a consideration. In the Hill Oil & Gas Co. Case, the rule was correctly stated that "contracts unperformed [without sufficient consideration], which are optional as to one, * * * are optional as to both." This statement implies a clear recognition of the validity of an optional contract when based upon a sufficient consideration. In none of the previous decisions of this court involving either an "or" lease or an "unless" lease is there any support found for the contention that the presence of a surrender clause in a lease based upon a sufficient consideration, which has been executed voluntarily by parties capable of contracting, and which is free from any of the elements that render a contract void or voidable, confers upon the lessor a corresponding right to forfeit the lease at his option without any agreement to that effect and without the payment or promise of payment of any consideration therefor.

Development was not the sole consideration for the lease. The bonus of $160 supported each and every term, including the right to postpone development upon paying a stipulated rental in conformity with the covenants of the lease, and the option to surrender upon paying the stipulated sum of $5. The lease was for five years and as long thereafter as oil and gas were found in paying quantities, the lessor agreeing to commence a well within 12 months, or in lieu thereof to pay the stipulated rentals. Of course, if no cash bonus had been paid, development would be the sole consideration. Such is the holding of the courts where there was no cash bonus, or where the consideration was nominal and was disregarded. Also, if there had been no agreement to delay drilling beyond a period of one year, then the court might say that unless the premises were developed within that period the lease might be terminated. But here the parties have expressly agreed for a good and sufficient consideration that the lessee may postpone development upon the payment of a certain sum of money. This condition was doubtless suggested by the undeveloped condition of the district in which the leased premises are situated and by the risks incident to exploring for oil and gas. This covenant was satisfactory to the lessor at the time, and we know of no reason why the deliberate agreement of the parties expressed in language of their own choice which is unambiguous should not be given that effect and meaning which it was intended should be given thereto. The court has no right to fractionize the contract or divide it up into sections, and say that the cash bonus supports any particular covenant to the exclusion of another, when such construction would be contrary to the clear intention of the parties as gathered from the face of their written agreement. The conclusion that the cash bonus paid upon the execution and delivery of the lease supports each and all of the terms and conditions contained therein, including the surrender clause, is sustained by all the courts except in those cases where a nominal consideration was rendered and was held insufficient. Allegheny Oil Co. v. Snyder, 106 Fed. 764, 45 C. C. A. 604; Brewster v. Lanyon Zinc Co., 140 Fed. 804, 72 C. C. A. 213; Guffey v. Smith, 237 U. S. 101, 116, 35 Sup. Ct. 526, 59 L. Ed. 856; Pittsburg, etc., Brick Co. v. Bailey, 76 Kan. 42, 90 Pac. 803, 12 L. R. A. (N. S.) 745; Poe v. Ulrey, 233 Ill. 56, 84 N. E. 46; Watford Oil & Gas Co. v. Shipman, 233 Ill. 9, 84 N. E. 53, 122 Am. St. Rep. 144; Central Ohio Natural Gas & Fuel Co. v. Eckhart, 70 Ohio St. 127, 71 N. E. 281; Brown v. Fowler, 65 Ohio St. 507, 63 N. E. 76; Lowther Oil Co. v. Guffey, 52 W. Va. 88, 43 S. E. 101; Lovett v. Eastern Oil Co., 68 W. Va. 667, 70 S. E. 707, Ann. Cas. 1912B, 360; South Penn. Oil Co. v. Snodgrass, 71 W. Va. 438, 76 S. E. 961, 43 L. R. A. 848; Pyle v. Henderson, 65 W. Va. 39, 63 S. E. 762; Gillespie v. Fulton Oil Co., 236 Ill. 188, 86 N. E. 219; McMillan v. Phila. Co., 159 Pa. 142, 28 Atl. 220.

It would be manifestly inequitable to permit the lessor who has entered into a contract that is free from fraud and received a substantial consideration therefor to retain that consideration, avoid the lease, and deprive the lessee of the privilege or option which it has purchased and paid for. I am therefore of the opinion that the presence of the surrender clause in the lease involved did not render it void for want of mutuality and did not confer on the lessor the right to terminate the lease at will, and that the judgment of the trial court should be and the same is hereby reversed, and this cause remanded.

All the Justices concur, except OWEN, J., concurs in conclusion; TURNER, J., not participating.

KANE, J. I concur fully in the conclusion and reasoning of the court as stated in the opinion just handed down. I wish, however, to further support by concurrence by reference to the additional reasoning and authori-

ties to the same effect contained in my dissenting opinion in the overruled case of Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, L. R. A. 1917B, 1184.