### CARTER OIL CO. v. TIFFIN et al.

No. 9419—Opinion Filed Dec. 10, 1918.

(176 Pac. 912.)

#### Oil and Gas—Lease—Covenants—Consideration—Mutuality—Termination.

Where a cash bonus is paid for an oil and gas lease covering 160 acres, which provided that the lessee should commence the drilling of a well within 12 months from the date thereof, or pay $100 for each additional 12 months such completion is delayed, and further provides that upon payment of ·$1 the lessee shall have the right to surrender the lease for cancellation, after which all liabilities thereafter to accrue shall cease and determine, held, that such cash bonus supports each and all the covenants in the lease, and held, further, that the presence of a surrender clause in said lease did not render the same void for want of mutuality nor confer on the lessor the right to terminate said lease at will.

(Syllabus by Pryor, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by James C. Tiffin and another against the Carter Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions to enter judgment for defendant.

Jas. A. Veasey, L. G. Owen, and Abernathy & Howell, for plaintiff in error.

Arrington & Arrington, for defendants in error.

Opinion by PRYOR, C. This is an action commenced in the superior court of Pottawatomie county by James C. Tiffin and Minnie Tiffin against the Carter Oil Company, a corporation, to cancel a certain oil and gas lease. The only ground for cancellation of the oil and gas lease alleged by the plaintiffs was by reason of the oil and gas lease containing what is known as the surrender clause, and they seek to cancel same upon the authority of Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, L. R. A. 1917B, 1184. The provisions of the lease material to the question in controversy are as follows:

"The party of the second part agrees to complete a well on said premises within twelve months from the date thereof or pay at the·rate of one hundred dollars for each additional twelve months after such completion is delayed from the time above mentioned for the full completion of such well until a well is completed; and it is agreed. that the completion of such a well shall be and operate as a full liquidation of all rent under this provision during the remainder of the term of this lease."

"All payments which may be due under this lease may be made directly to James C. Tiffin or deposited by second parties to his credit in Maud State Bank, Maud, Okla."

"The party of the second part, its successors or assigns, shall have the right at any time, on the payment of one and no-100 dollars to the parties of the first part, their heirs and assigns, to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine, provided this surrender clause and the option therein reserved to the lessee shall cease and become absolutely inoperative immediately and concurrently with the institution of any suit in any court of law or equity, or to recover possession of the leased land or any part thereof against or from the lessors, their heirs. executors, administrators, successors, or assigns, or any other person or persons, all covenants and agreements herein set forth between the parties herein shall extend to their successors, heirs, executors, administrators, and assigns."

The money consideration paid for this lease at the time of the execution by the defendant to the plaintiffs was $320. The defendant lessee did not commence. within the time stipulated in the lease, the drilling of a well, but paid to the bank, as provided for in the lease, the rentals stipulated for the delay in the commencement of a well.

The district court entered judgment canceling the oil and gas lease, and the defendant appeals. The provisions in the lease under consideration and the controlling facts in this case are identical with those of the case of Northwestern Oil & Gas Co. v. Branine et al., 71 Okla. 107, 175 Pac. 533, decided by this court on the 23d day of October, 1918, in which it was held:

"Where a cash bonus of $160 was paid for an oil and gas lease which provided that lessee should commence the drilling of a well within 12 months from the date thereof or pay a quarterly rental of $40, and further provided that the lessee might at any time, upon the payment of a further sum of $2 and all accrued liabilities, surrender the leased premises and terminate all future liabilities under the lease, held, that the cash bonus supports each and all the covenants in the lease, and held, further, that the presence of a surrender clause in said lease did not render the same void for want of mutuality nor confer on the lessor the right to terminate said lease at will."

That case is decisive of this case and on the authority of that case. this case must be reversed and remanded, with directions to the trial court to enter judgment for the defendant.

By the Court: It is so ordered.