## GYPSY OIL CO. v. VAN SLYKE et al.

No. 9785—Opinion Filed Jan. 28, 1919.

(178 Pac. 683.)

(Syllabus.)

**Followed Case.**

Reversed and remanded, on authority of Northwestern Oil Co. v. Branine, 71 Okla. 107, 175 Pac. 533.

Error from District Court, Noble County; Cham Jones, Assigned Judge.

Action by E. E. Van Slyke and another against the Gypsy Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with instructions to enter judgment for defendant.

William C. Liedtke, for plaintiff in error.

W. W. Davis, for defendants in error.

HARDY, C. J. This action was originally commenced by defendants in error, as plaintiffs, against plaintiff in error, as defendant, to cancel a certain oil and gas mining lease held by the defendant on lands belonging to plaintiffs situate within Noble

county; the plaintiffs contending that by virtue of the presence of a provision therein, commonly referred to as a "surrender clause," they had the right to refuse to accept rentals when paid for delay, according to the terms of the lease, and demand a surrender and cancellation thereof.

It is agreed and stipulated that the opinion of this court in case of Northwestern Oil & Gas Co. v. Branine, 71 Okla. 107, 175 Pac. 533, and other cases following the rule therein announced, have determined this question adversely to the contention of plaintiff, and it is stipulated that this cause may be reversed and remanded, with instructions to the trial court to enter judgment in favor of defendant.

It is therefore ordered that this cause be reversed and remanded to the trial court, with instructions to set aside the judgment in favor of the plaintiff and against the defendant, rendered and entered on the 24th day of February, 1907, and to enter judgment therein denying to the plaintiffs, E. E. Van Slyke and Lizzie I. Van Slyke, the relief prayed for in their petition, and to render and enter judgment in favor of the defendant Gypsy Oil Company, sustaining the lease under which it claims, and quieting its title to its leasehold as evidenced by said lease.