### WRIGHT v. GILLESPIE.

(Circuit Court of Appeals, Eighth Circuit. September 22, 1919.)

No. 5346.

1. EVIDENCE ☞448—PAROL EVIDENCE INADMISSIBLE TO CONTRADICT WRITTEN LEASE.

A written instrument, as an oil and gas lease, cannot be contradicted by parol, where unambiguous.

2. MINES AND MINERALS ☞79(6)—TENDER OF PERFORMANCE OF OIL AND GAS LEASE BY LESSEE.

Where a lessee under an oil and gas lease tendered payments by check, but the payments were refused, as were offers of cash, the lessor claiming he was not bound by the lease for reasons unrelated to the rental payments, further tenders were unnecessary for the lessee to protect his rights.

3. MINES AND MINERALS ☞78(7)—RESTRAINING LESSOR FROM INTERFERING WITH DRILLING, REMEDY AT LAW BEING INADEQUATE.

A suit by a lessee under an oil and gas lease to enjoin the lessor from interfering with drilling, etc., may be maintained despite the claim that an adequate remedy at law exists; the suggested remedy of unlawful detainer, which is designed to change possession of real estate, being inadequate.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit by E. N. Gillespie against Frank Wright. Decree for complainant, and defendant appeals. Affirmed.

John B. Arnold, of New York City, and P. W. Cress, of Perry, Okl., for appellant.

Robert J. Dodds, of Pittsburgh, Pa., and C. B. Ames, of Oklahoma City, Okl. (W. A. Sipe, Jr., of Tulsa, Okl., on the brief), for appellee.

Before HOOK and STONE, Circuit Judges, and AMIDON, District Judge.

STONE, Circuit Judge. Appeal by defendant from decree in favor of lessee (Gillespie), enjoining lessor (Wright) from preventing or interfering with oil and gas drilling on land owned by lessor and covered by an oil and gas lease to Gillespie. This lease, as well as those in the Washburn v. Gillespie (261 Fed. 41, —— C. C. A. ——), O'Donnell v. Gillespie (261 Fed. 48, —— C. C. A. ——), and Howe v. Gilles-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pie (261 Fed. 48, —— C. C. A. ——) cases—were procured at about the same time, and as part of a "block" of leases Gillespie was securing in that vicinity. The four cases were tried together and considered in one opinion.

The lease was identical in form with that in the case of Washburn v. Gillespie, 261 Fed. 41, —— C. C. A. ——, decided at this term, with these exceptions: There was no supplemental agreement as in that case, and this lease had this additional provision: That the initial well to be drilled by Gillespie should "be drilled on or within 1½ miles of this tract of land."

The contentions of appellant are that the lease was given on the promise that a well would be commenced within 60 days, within 1½ miles of this land, and promptly completed; failure to tender rental money; right of lessor to terminate lease because of "surrender" clause therein; and existence of an adequate legal remedy.

[1, 2] The evidence was conflicting as to what conversation took place between appellant and the agent of Gillespie at the time the lease was executed. This, however, is true, that the appellant signed the lease and retained a copy of it, and that the lease is a complete contract, and is not, in any particular here challenged, ambiguous. This claim of defendant would amount in effect to a variation of the written contract. We have carefully read and reread the evidence in this and the kindred cases, and we see no reason for disturbing the conclusion of the trial court that there was no such arrangement as contended for by appellant shown by the evidence. As to the location of the initial well, the evidence shows that appellee has sought to drill on several tracts within 1½ miles of appellant's land, but has been prevented, and that this suit is brought to permit drilling on this land. As to the rental payments, the facts are that a check was sent in time for the first quarter to the depository bank named in the lease, and upon the first day of the second quarter a similar attempt to pay the second quarter rental was made. These were refused by appellant. There is no evidence nor question that the checks were not good for the amounts they represented, and they were not declined by appellant because of the form of payment. The position of appellant was that he was not bound by the lease for other reasons unrelated to the rental payments. As said in the Washburn Case, there was no requirement in the lease that these payments be made in advance. A few days after the above attempts cash was offered in payment and refused. Appellee had done all he could to pay the rental and had fully complied with the contract requirements. In the face of appellant's announced and acted upon intention not to receive such payments the appellee was not obligated to continue futile offers. He need only stand ready to pay, and the evidence is conclusive in his favor upon that point. The contention as to the surrender clause is the same as in the Washburn Case, and, for the reasons therein stated, is not allowed.

[3] The claim that an adequate remedy at law exists is ill founded. The remedy suggested is unlawful detainer. That remedy is designed to change possession of real estate. Here no such relief is sought.

The appellee merely desires to go upon land in the possession of appellant and there prosecute his right of oil and gas exploration given by the lease. Under the lease he could make no such proofs and show no such title as required in a suit for unlawful detention.

The decree should be affirmed.