## STATE v. FRANK WELCH.

No. A-2055. Opinion Filed Nov. 4, 1919.

(184 Pac. 786.)

1. **OIL AND GAS—Lease—Nature of Grant.** A lease, granting oil and gas mining privileges for a term of years, is only a grant of an incorporeal hereditament, and such a lease grants no corporeal interest or hereditament.

2. **CHAMPERTY AND MAINTENANCE—Offense—Adverse Holding Not Rendering Oil and Gas Lease for a Term Champertous.** The execution of a lease, granting oil and gas mining privileges, for a term of years, on lands held adversely by a third person or persons, is not a violation of section 2260, Rev. Laws 1910, defining the offense of champerty.

*Appeal from County Court, Nowata County;*
*Wm. F. Gillully, Judge.*

Information against Frank Welch for champerty, and from a judgment sustaining a demurrer thereto, the State appeals. Affirmed.

*J. E. Bennett,* County Atty., and *F. A. Calvert,* Asst. County Atty., for the State.

*C. Caldwell,* for defendant in error.

DOYLE, P. J.   This is an appeal by the state from a judgment of the county court of Nowata county, sustaining a demurrer to an information filed in said court, of which the charging part is as follows:

"That said Frank Welch did, in the said county and state, on the said date, unlawfully and maliciously sell, convey, and grant to C. Caldwell a pretended right or title to lands and tenements located and situated in Nowata county, state of Oklahoma, as follows: The northeast quarter of section 31, township 26 north, range 15 east, at a time and when neither the said Frank Welch, who made the said sale and grant, nor any other person by whom the said Frank Welch claims or claimed, have been in possession of the said lands, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year prior to such grant, conveyance, or sale, and at such a time when G. W. Ellis, W. I. Ellis, J. A. Ellis, and Paul Lovell, either one or both, were in possession of the said lands, and had been in such possession continuously for the space of one year and prior thereto, before the said grant of the said pretended right or title by the said Frank Welch to said C. Caldwell, a copy of which grant is hereto attached, marked 'Exhibit A,' and made a part of this information, contrary to," etc.

The demurrer to the information was on the ground that "the facts stated do not constitute a public offense."

It is the contention of counsel for the state that the execution of the oil and gas lease by the defendant is a violation of section 2260, Rev. Laws 1910.

The defendant in error contends that it is not.

The lease made a part of the information in its terms is the form in common use. It recites that it was given in consideration of $1 paid to the lessor, and the covenant and agreements of the lessee therein set forth. It contains the usual words of grant and demise; runs to the lessee, Caldwell, his successors and assigns; describes the purpose for which it was given as that of mining and operating for oil and gas, laying of pipe lines, building tanks, and structures thereon to produce and take care of said products when produced, and the term which it was to endure is five years from its date, and as long thereafter as oil and gas or either of them is produced from the premises. The lessee covenants and agrees therein to deliver to the lessor, free of cost, in the pipe lines to which the wells may be connected, the equal one-eighth part of all oil produced and saved from the premises, and to pay $150 each year in advance or the gas from each well. There is also a surrender clause to the effect that upon the payment of $1, at any time, the lessee or his assigns shall have the right to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine.

Section 2260, Rev. Laws 1910, is as follows:

"Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of

one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

It is settled by the decisions of our Supreme Court that a lessee of an oil and gas and mining lease acquires no title to the land, nor oil or gas while in the ground, by reason of his lease.

In the case of *Kolachny v. Galbreath,* 26 Okla. 772, 110 Pac. 902, 38 L. R. A. (N. S.) 451, it is held that:

"Oil and gas, while in the earth, unlike solid minerals, are not the subject of ownership distinct from the soil, and the grant of the oil and gas, therefore, is a grant, not of the oil that is in the ground, but of such a part as the grantee may find, and passes nothing that can be the subject of an ejectment or other real action."

In the opinion it is said:

"The lease relied upon by plaintiff does not vest in him the title to the oil and gas in said land, and is not a grant of any estate therein, but is simply a grant of a right to prospect for oil and gas, no title vesting until such substances are reduced to possession by extracting same from the earth—an incorporeal hereditament. *Payne et al. v. Neuval et al.,* 155 Cal. 46, 99 Pac. 476; *Richlands Oil Co. v. Morriss,* 108 Va. 288, 61 S. E. 762; *Rawlings et al. v. Armel et al.,* 70 Kan. 778, 79 Pac. 683; *Dickey v. Coffeyville Vitrified Brick Tile Co.,* 69 Kan. 106, 76 Pac. 398; *Emery v. League et al.,* 31 Tex. Civ. App. 474, 72 S. W. 603; *Detler et al. v. Holland,* 57 Ohio St. 492, 49 N. E. 690, 40 L. R. A. 266; *Wagner et al. v. Mallery et al.,* 169 N. Y. 501, 62 N. E. 584; *Kelly v. Keys et al.,* 213 Pa. 295, 72 Atl. 911, 110 Am. St. Rep. 547; *Toothman v. Courtney,* 62 W. Va. 169, 58 S. E. 915; *Carter v. County Court,* 45 W. Va. 906, 32 S. E. 216, 43 L. R. A. 725; Thornton on Oil & Gas, secs. 51-55."

In the case of *Duff v. Keaton,* 33 Okla. 92, 124 Pac. 291, 42 L. R. A. (N. S.) 472, it is held that:

"A lease granting oil and gas mining privileges for a term of years is a 'chattel real.' (a) A chattel real is 'personality.' "

In the opinion it is said:

"We reach the conclusion that a lease for oil and gas for mining purposes is not a 'conveyance of real estate' within the purview of section 5314, *supra*."

These decisions of our Supreme Court defining the nature of property in natural gas and oil contained in the earth, and the legal effect of instruments of the character here involved, and the holding that such a lease is only a grant of an incorporeal hereditament, and that such a lease grants no corporeal interest or hereditament, is decisive of the question here presented. In our opinion the legislative intent in enacting the statutes defining champerty (sections 2259, 2260, and 2261, Rev. Laws) was to prohibit the transfer of the fee or an interest in the fee under the conditions therein stated.

It follows that the execution of an oil and gas lease under the facts as alleged in the information is not a violation of section 2260, Rev. Laws. The demurrer to the information was therefore properly sustained. For the reasons stated, the judgment sustaining the demurrer is affirmed.

ARMSTRONG and MATSON, JJ., concur.