## SKIEN et al. v. JUNCTION OIL & GAS CO. et al.

No. 9908—Opinion Filed Dec. 7, 1920.

(Syllabus by the Court.)

**1. Oil and Gas—"Unless" Leases—Right of Lessor to Terminate.**

Under an "unless" lease the lessor has no right to terminate the lease while the lessee has paid or tendered the rentals according to the terms of said lease.

**2. Same—Action to Cancel Lease—Evidence—Sufficiency.**

In an action by the lessor to cancel an oil and gas lease for failure to comply with the terms of the lease, where the lease is an "unless" lease, and the lessor admits plaintiff has paid or tendered all the rentals and royalties according to the terms of said lease, it is not error to sustain a demurrer to the evidence offered on behalf of the plaintiff.

**3. Same.**

The record examined, and held, that the court did not err in sustaining a demurrer to the evidence of plaintiffs.

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by H. B. Skien and another against the Junction Oil & Gas Company (A. J. Diescher, intervener) to cancel oil and gas lease. Judgment for defendant, and plaintiffs bring error. Affirmed.

J. E. Curran, for plaintiffs in error.

H. O. Caster, Hayes McCoy, S. N. Hawkes, C. C. Julien, and Warren T. Spies, for defendants in error.

McNEILL, J. H. B. Skien and Irene R. Skien, the owners of 160 acres of land situated in Kay county, brought this suit on the 30th day of December, 1915, to cancel an oil and gas lease owned by the Junction Oil & Gas Company and to reform said oil and gas lease, alleging that the oil and gas lease was for a period of 20 years and that there was a mutual mistake and the word "twenty" should have read "five" years. Thereafter A. J. Diescher intervened, claiming an interest in said oil and gas lease. On December 4, 1916, the plaintiffs filed their amended petition, praying for a cancellation of said lease on the grounds that the same was unilateral and contained a surrender clause, and that the lessee reserved the right to surrender the lease at any time, and that a corresponding right existed in favor of the lessor; alleging that the lessee had paid the rentals according to the terms of the lease in the bank of Braman, Oklahoma, but that the lessors had directed the bank not to accept same, but the cashier did accept the same and deposited the same to plaintiffs' account without their knowledge and consent and against their instruction and that they used the same not knowing the same had been deposited to their account; and they tendered the same into court, to wit, the sum of $16. The defendant answered, claiming it had complied with all the terms of the lease and during the term of the lease had completed and now owned a producing gas well, and had paid and tendered all the rentals and royalties due thereon.

Upon the trial of the case to the court, it was admitted there was a mutual mistake in the lease and the same was intended as a five-year oil and gas lease instead of a 20-year lease. The plaintiffs then introduced their evidence, and the defendant demurred to the same, and the court sustained the demurrer, and dismissed the plaintiffs' cause of action in so far as it attempted to cancel the lease. From said judgment, the plaintiffs have appealed.

It was admitted that the plaintiffs had brought their suit originally upon the theory that the lease was an optional contract, and under the holding of this court in the case of Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, the same might have been canceled, but since the case of Brown v. Wilson has been overruled, this proposition has been eliminated from the case. It is, however, contended that the court erred in sustaining the demurrer to the evidence, for the reason the evidence disclosed that the rentals had not been paid according to the terms of the lease, and the same was null and void. The clause in the lease providing for the payment of rentals is as follows:

"If no well is commenced within two years and carried on without unnecessary delay of

the above described land then this grant shall become null and void unless second party shall pay annually thereafter in cash the sum of $16.00 on said land leased. The same to be deposited to the credit of first party in the bank at Braman, Oklahoma."

The lease contained the further provision: "This lease shall be operative for a period of twenty years from this date, or so long as gas, oil or other minerals are found in paying quantities in, under or upon said land."

It was admitted that the "twenty years" was left in said lease by inadvertence and mistake, and should read "five years." The plaintiffs admitted that they had received three payments of rentals and under the terms of the lease there was none due for the first two years. Plaintiff testified as follows:

"Q. Then it is paid up to March, 1916? A. Yes, sir; that is correct. Q. And you have accepted it? A. Yes, sir."

It was admitted then as follows:

"The Court: I understand that, but you had received the money for the rental? Mr. Curran: Yes; they had come on there during the time for which the rental was paid. * * * We concede that the rent was paid during the time." ·

The further testimony is as follows:

"Mr. Curran: Mr. Skien, during the last year for which rental was paid, was a well commenced? A. Yes, sir. Q. Do you know the date of the commencement of that well? What was the date of the commencing of the well with reference to the starting of the suit, Mr. Skien? A. It was later. Q. The well was commenced· after this suit was started? A. Yes, sir. Q. But was during the rental period for which the rent had been paid? A. Yes, sir. Q. Mr. Skien, are you ready and willing at this time to pay back the rental money received for the year in which they made entrance and drilled this well? A. Yes, sir. * * * Q. Mr. Skien, as I understand it, you admit that you received the rental for the year on which the well was drilled on this land? A. Yes, sir; I admit that, but I would like to state— Q. We don't ask for anything further. A. All right, I admit it. Q. A gas well was drilled on this land during the year, the last year, that you received the rental? A. Yes, sir. Q. And that gas well is still producing gas there, is it not? A. I couldn't say as to that. * * * Q. Weren't you offered royalty for this gas well, Mr. Skien? A. Yes, sir; for the year that hasn't yet expired. Q. How is that? A. For the year that hasn't yet expired. Q. On February 8, 1916, weren't you offered $100 for this well? A. I think it was the 3rd of February. Q. The 3rd of February? A. Yes, sir. Q. It was in February, however, 1916? A. Yes, sir. Q. You had already accepted the rental on that for the year ending in March, 1916? A. Yes, sir. Q. In February, 1916, you were offered $100? A.

Yes, sir. Q. You refused to accept it. A. Yes, sir. Q. You didn't refuse to accept it because it was a check instead of the money? A. No, sir. Q. You would have refused it even if the company had offered you the money, would you? A. Yes, sir. Q. It wouldn't have made any difference if the money had been tendered to you in gold? A. No, sir."

This evidence shows conclusively a full compliance with the terms of the lease by the lessee. It is contended, however, by plaintiffs in error that the following rule shall be applied:

"A demurrer to evidence not only admits· all facts the evidence tends to prove and every reasonable deduction therefrom in favor of the demurree, but it withdraws and requires the court to ignore unfavorable evidence adduced by the demurrant; and if the evidence is sufficient to sustain a judgment for the demurree, the demurrer should be overruled." Lyon v. Lyon, 39 Okla. 111, 134 Pac. 650.

This rule is correct, but where a party admits or stipulates in the record certain facts, certainly a demurrer to the evidence does not withdraw the stipulation or admission from ·the record, and when the admissions and stipulations are conclusive on a question of fact the court cannot indulge in inferences for the purpose of avoiding the binding effect of the admissions or stipulations.

The lease was a five-year lease from March 29, 1911, and it being an "unless" lease, the right of the lessee to pay the rental to lessor is settled by the case of Northwestern Oil & Gas Co. v. Branine, 71 Oklahoma, 175 Pac. 533, wherein this court stated as follows:

"Under an 'unless lease,' the lessee of oil lands, so long as he pays the rentals in the manner provided, has an option to continue the lease in force, and it is subject to termination at his will, which privilege he may exercise by a failure to pay the stipulated rental, in which event the lease automatically terminates. The lessor has no right to terminate the lease while the lessee complies with its terms."

By applying this rule, the petition of plaintiffs did not state a cause of action in 'so far as it attempted to cancel the lease, and the lessor had no right to refuse to accept the rental.

Under the terms of the lease, the lease would expire March 29, 1916, unless the lessee had produced oil and gas on said premises prior to said time. It is admitted that gas was produced from the premises on or before said date and the lessee had tendered to the lessor the royalty which would extend the lease for one year from March,. 1916. It is, however, suggested that no rental or royalty was tendered for the year

1917, and by the peculiar terms of the lease it is necessary to pay the rental after the discovery of oil or gas, and the case was not tried until November, 1917, and therefore that it was error to sustain the demurrer. This question was not an issue in the case. The amended petition was filed December 4, 1916, and the plaintiffs did not seek to cancel the lease for nonpayment of rentals. There is no allegation in the petition that the lease should be canceled and declared null and void for failure to pay rentals or royalties. That not being an issue in the case and plaintiffs having failed to file a supplemental petition alleging that the rentals or royalties for 1917 had not been paid, they cannot now claim that the lease should be canceled for that reason.

It being admitted by the plaintiffs that both the rentals and royalties had been paid or tendered for all rentals or royalties due prior to the commencement of the action, and no supplemental pleadings were filed, there was no issue of fact presented to the trial court, nor any evidence to support any material allegation of the petition. Therefore the trial court did not err in sustaining the demurrer to the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.