### GUFFEY–GILLESPIE OIL CO. v. WRIGHT.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1922.)

No. 5947.

1. Contracts ⬅105—Where act prohibited is not malum in se, contract violating statute not illegal, unless statutory purpose so requires.

When a criminal statute imposes specific penalties for its violation, where the act is not malum in se, and the purpose of the statute can be accomplished without declaring contracts in violation thereof illegal, the inference is that it was not the intention of the lawmakers to render such contract illegal and unenforceable.

2. Champerty and maintenance ⬅7(3)—Champerty Act of Oklahoma held not applicable to assignment of oil and gas lease.

The Champerty Act of Oklahoma, making one who takes any conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pendency of such suit, and that the grantor was not in possession of such lands or tenements, is guilty of a misdemeanor, *held* not applicable to an assignment of an oil and gas lease granting lessee an exclusive license, on prescribed terms and conditions, to go on the prescribed premises and explore for oil or gas.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the Guffey-Gillespie Oil Company, a corporation, against Frank Wright. From an order dismissing the supplemental bill, plaintiff appeals. Reversed.

W. A. Sipe, of Tulsa, Okl., and C. B. Ames, of Oklahoma City, Okl. (Ames, Chambers, Lowe & Richardson, of Oklahoma City, Okl., of counsel), for appellant.

P. W. Cress, of Perry, Okl., for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

POLLOCK, District Judge. The question presented for decision on this appeal arises in this manner: Appellee, defendant below, as owner in fee of some 240 acres of land in Noble county, Okl., in the year 1915 made and delivered to one E. N. Gillespie an oil and gas lease thereon, in the usual form. Thereafter, and within the period of one year from its making, defendant, the lessor, Wright, contending the lease was void, brought suit to obtain a decree of cancellation. This suit was dismissed. Thereupon the lessee, Gillespie, desiring to enter upon the land for the purpose of exploring for oil and gas, in accordance with the terms of the lease, was resisted by the lessor to such an extent he was compelled to and did institute a suit to enjoin such obstruction of the exercise of his rights under the lease. After a decree' in said suit for complainant therein, the lessee, which on appeal was affirmed by this court (261 Fed. 46, 171 C. C. A. 642), thereupon, the lessee again desiring to resume exploration on the leased premises in accordance with the terms of the lease, and being again resisted in such endeavor by the lessor, Wright, on the ground the term of the lease had expired and its covenants had been broken by the lessee by the failure to pay the rentals reserved therein, this present suit was instituted by Gillespie for the purpose of obtaining a decree continuing the exploration period of the lease in force on the ground of wrongful obstructive tactics employed by the lessor, Wright, through which the work of exploration required to have been done under the terms of the lease was prevented.

After issue joined, by way of supplemental answer, defendant, Wright, brought forward his plea that the complainant therein, Gillespie, was not the party in interest, but, on the contrary, by written assignment of said oil and gas lease, dated March 22, 1921, complainant had transferred all his interest to appellant herein, Guffey-Gillespie Oil Company, a corporation of the state of Delaware. Thereupon, by leave of court, appellant was duly substituted as complainant in said suit. The suit coming on for trial, after the proofs of the complainant had been submitted, defendant, Wright, moved the court to dismiss

the suit. This motion was based on three separate grounds. The court denied the motion as to all save one ground, which challenged the validity of the transfer of the interest of the lessee, Gillespie, under the oil and gas lease in question, during the pendency of litigation, to appellant herein, by reason of the terms and provisions of the Champerty Act of Oklahoma (Rev. Laws 1910, § 2259), which act reads as follows:

"Any person who takes any conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the pendency of such suit, and that the grantor was not in possession of such lands or tenements, is guilty of a misdemeanor."

On this ground the motion was sustained, and the supplemental bill of appellant was dismissed.

What may be the precise and accurate word or phrase employed to designate or describe the true and inherent nature of the interest or right which passed by virtue of the writing made from Wright to Gillespie, called an oil and gas lease, under the many decisions involving such instruments, it is not necessary here to state. The Supreme Court of Oklahoma, in Rich v. Doneghey, 177 Pac. 86, 3 A. L. R. 352, and Northwestern Oil & Gas Co. v. Branine, 175 Pac. 533, 3 A. L. R. 344, held the right or interest passing under such an instrument is an interest in the land itself. However this may be, this controversy must be determined under its peculiar facts and the principles of the law applicable to such facts alone. The statute above quoted was not enacted by the lawmaking power of the state of Oklahoma for the purpose of establishing any rule of property in that state. On the contrary, the act is a criminal statute, intended to operate, not on the conveyance itself, but upon the person or persons doing the prohibited act. The prohibited act consists in the taking of a conveyance of lands or tenements, or any interest or estate therein, from one not in possession, during the pendency of litigation thereover, when the taker of the conveyance knows of the litigation and the fact the maker thereof is out of possession. The act does not in terms declare the conveyance so made void; hence, if any such conveyance so made is declared void, it must be by reason of the fact it is prohibited by this criminal statute. After the decision from the Supreme Court above cited had been announced, the Criminal Court of Appeals for the state of Oklahoma, charged by law with the duty of construing and enforcing the criminal laws of the state, in the case of State v. Welch, 16 Okl. Cr. 485, 184 Pac. 786, held an oil and gas lease, such as is here in dispute, is not a conveyance of such nature of land or an interest therein as is within the intent of the act. And such was the view of this court as expressed by Judge Carland in Etchen v. Cheney, 235 Fed. 104, 148 C. C. A. 598.

[1] The rule seems well established by decisions of our national courts:

"When a [criminal] statute imposes specific penalties for its violation, where the act is not malum in se, and the purpose of the statute can be accomplished without declaring contracts in violation thereof illegal, the inference is that it was not the intention of the lawmakers to render such contracts illegal and unenforceable."

In Re T. H. Bunch Co. (D. C.) 180 Fed. 519, 527, the authorities to sustain this rule of law are collected. See, also, McCullough v. Smith, 243 Fed. 823, 832, 156 C. C. A. 335, 344; In re Johnson (D. C.) 224 Fed. 180, 185, 186; 13 C. J. 412.

[2] From the very nature of the right or privilege granted by such an instrument of writing as the oil and gas lease here in dispute, which in its object and end is merely the granting of an exclusive license on prescribed terms and conditions to go upon the described premises and under it explore for oil or gas, is not in its nature such a conveyance of the land itself, or of such a definite or integral portion, interest, or estate in land, as is intended to be interdicted by the champerty statute in question. Not only so, but at the time the transfer of interest made in this case the lessee was being kept out of such possession as the lease provided by the wrongful acts and contentions of the lessor. In any event, the taking of the assignment involved in this suit by appellant was not in violation of the Champerty Act above quoted, which is criminal in its nature, as construed by the highest judicial tribunal of the state charged with such construction.

Hence appellant was guilty of no wrong under the law as it stood interpreted by the Criminal Court of Appeals of the state, and, as the receipt of the assignment constituted no wrong, it should be followed by no punishment or forfeiture.

The order dismissing the supplemental bill is accordingly reversed.