No. 10,026.

## COLGATE, RECEIVER, *v.* ROBERTS ET AL.

BOND.— *Condition.—Breach.—Pleading.*—In a suit on a bond with several conditions, there can be a recovery only for the breaches assigned by the complaint.

SAME.—*Receiver.*—To a complaint on a receiver's bond, assigning for breach a failure to pay over to his successor $1,000, money received by the obligor as receiver, an answer showing a credit of $857 allowed him on settlement by the court which appointed him, and that said court found a balance due from him of $94, which he paid to his successor, is good on demurrer.

From the Jefferson Circuit Court.

*M. D. Wilson* and *W. H. Cord,* for appellant.

*E. R. Wilson, W. T. Friedley* and *C. E. Walker,* for appellees.

BICKNELL, C. C.—Walter S. Roberts, as receiver of the German Building and Loan Association No. 2, of Jefferson county, Indiana, gave bond, with Charles E. Walker as surety, in the penalty of $1,000, conditioned for the faithful performance of duty and for the proper payment of all moneys by him received as such officer.

Harry Colgate, his successor in office, brought this suit on said bond, against principal and surety, alleging that Roberts, on demand, had failed to pay over to his said successor $1,000, moneys received by said Roberts as such officer. The suit was commenced on January 10th, 1882.

The defendant Roberts answered in two paragraphs:

1st. A general denial.

2d. An accounting and payment in full before suit brought, and a discharge by the proper court.

To the second paragraph of this answer the plaintiff replied in three paragraphs:

1st. In denial of such accounting and payment.

2d. In denial of the discharge, and averring that, besides the amount accounted for, there is an unpaid judgment against

the defendant in favor of plaintiff for $1,307.15, with interest from March 1st, 1880.

3d. Substantially the same as the second.

The defendant Walker answered in five paragraphs:

1st. That he was surety in the bond; that at the February term, 1879, of the Jefferson Circuit Court, Roberts fully accounted for and paid into court all that was found due from him as receiver, to wit, $94, and was then fully discharged by said court.

2d. That Roberts paid to the creditors of said building association, under the orders of said court, all the moneys he ever had as such receiver.

3d. As to all but $143, that Roberts owed the association $2,500 for money borrowed by him from it, and secured by a second mortgage on property of his, subject to a prior mortgage to Helen Carmany for $1,000; that one Umbach held the note of the association for $1,000, and one Bierck held the note of the association for $100, credited with $43; that this defendant bought said Umbach's note for $800, and said Bierck's note for $57; that afterwards said Roberts fraudulently entered of record a satisfaction of his mortgage, without any payment made thereon, and then mortgaged the same property to said Umbach for $700; there being yet really due on his own mortgage to the association about $1,300; that Roberts afterwards, when he settled with the court in 1879, reported his said mortgage as part of the assets of the association, and fully settled and paid over the amount found due by him as such receiver, counting said mortgage as part of the assets; that afterwards said Umbach mortgage was decreed by said court to be a superior lien to the mortgage of said Roberts wrongfully entered satisfied by him as aforesaid, and said satisfaction was adjudged to be null and void, and it was decreed that there was due said association thereon from said Roberts $1,307, and the property was ordered sold to satisfy all of said mortgages, and was amply sufficient to pay them all, but

said Colgate failed to attend the sale, and made no effort to procure bidders, and permitted the property to sell for barely enough to pay the Carmany and Umbach mortgages; that in March, 1880, Roberts had been cited to appear and make settlement, and in order to obtain from this defendant, for use in such settlement, the notes of said association, so purchased as aforesaid by this defendant, which together amounted to $1,057 and interest, he agreed to give this defendant therefor $857, the amount paid therefor by defendant, and to secure the same by his note with E. P. Meyer as surety, and upon that agreement this defendant let him take the notes to be used in said settlement, he promising to get said Meyer to sign said note, as soon as he could see him; that on said settlement said Roberts was allowed for said notes $857, being the amount this defendant had paid therefor, without interest, and after that allowance said Roberts was found indebted as such receiver to his successor, $94, which he paid; that by the transaction aforesaid this defendant in effect paid for said Roberts said sum of $857; that said Meyer has never signed said note, and said Roberts is insolvent, and that this defendant, having thus paid to the association $857, is liable upon the bond only for $143, which, with said $857, will make up the entire penalty of the bond.

4th. Payment in full by defendant.

5th. A set-off of $1,000 for money had and received, and money paid by defendant for the use of the association.

The plaintiff replied to the answer of said defendant Walker as follows:

To the first paragraph, that said Roberts did not fully account and was not discharged by the court; and that said notes of Umbach and Bierck were taken in said settlement by said association from Roberts as the rightful owner thereof, and without notice of any claim upon them by the defendant Walker.

To the second paragraph, a denial.

To the fourth paragraph, a denial.

As to the fifth paragraph, the plaintiff moved to make it, more specific, but there was no action of the court thereon, and there was no reply to said fifth paragraph, which must be re-garded as denied.

To the third paragraph of Walker's answer, the plaintiff filed a demurrer, which was overruled.

The defendant Walker filed a demurrer to the plaintiff's reply to the first paragraph of his answer, and a motion to strike out a part of the plaintiff's reply to the fourth paragraph of his answer, but there was no action by the court on either of these matters. The record then states as follows:

"Come the parties, and the plaintiff abides by his demurrer to the third paragraph of the defendant Walker's answer, and refuses to reply thereto, and by agreement this cause is sub-mitted to the court for trial upon the other issues, and the court, by like agreement, finds for the plaintiff, as damages on said official bond sued on, $143."

Upon this finding a judgment was rendered, from which the plaintiff appealed, assigning as errors:

1st. Overruling the demurrer to the third paragraph of the answer of the defendant Walker.

2d. Not giving judgment for the amount claimed in the petition.

3d. Not rendering judgment for the amount of the cove-nant or penalty sued on.

The second and third of these specifications are too general to raise any question. *Ray* v. *Detchon*, 79 Ind. 56; *Durham* v. *Craig*, 79 Ind. 117. There was no motion to modify the judgment.

As to the first error assigned, the bond sued on contains in its condition two specifications, first, that Roberts shall faith-fully perform his duty as receiver; second, that he shall pay over to the proper persons all moneys received by him as such officer.

The only breach assigned in the complaint is a breach of the second specification in the condition. The complaint states

a judgment " awarding the whole of said goods and chattels remaining in the hands of the former receiver, Walter S. Roberts, to the said plaintiff and receiver herein, Harry Colgate;" and the complaint proceeds thus : " But said former receiver herein, Walter Roberts, as aforesaid, being short in his accounts as receiver more than $1,000, did not obey said order of said court in the payment of all said money so received and collected by him to the plaintiff, but of said moneys * * * more than $1,000 now remains long past due and unpaid, though said plaintiff has duly demanded the same," etc. Wherefore plaintiff demands judgment for the sum of $1,000, and all proper relief.

If Roberts, being receiver of the association, was personally indebted thereto for borrowed money, secured by a mortgage of his property, and if, as receiver, he fraudulently entered upon the record a satisfaction of that mortgage, without paying any part of it, and then mortgaged the property to an innocent third person, so that his mortgage became a superior lien to the mortgage of the association, and the security of the association for the debt of Roberts was thereby impaired or lost, this would be a breach of the first specification in the condition of the bond ; it would not be a faithful performance of duty, but it would not show any breach of the second specification in the condition, because, in such a transaction, the receipt and retention of any money of the association by Roberts, as receiver, are neither expressed nor implied.

He would have injured the association by his action as receiver, in wrongfully entering satisfaction of his own mortgage on which nothing had been paid ; he would be liable for that breach of duty in a proper action on the bond, but the present action is not for that breach ; the complaint claims merely that Roberts had money of the association in his hands as receiver which he refused to pay over.

To such a claim any defence is valid which shows that the defendant had no money in his hands as receiver, or that he paid over all that he had.

The third paragraph of Walker's answer avers, that Roberts made a settlement of his receivership with the proper court, and was allowed $857 for certain notes made by the association which had come into his hands, and that after such allowance he was found indebted as such receiver, to his successor, in the sum of only $94, which he paid.

These facts are admitted by the demurrer; they show that there is no cause of action for the only breach of the bond alleged in the complaint, and that there was no money in the hands of Roberts as receiver which he failed to pay over.

There was no error in overruling the demurrer to the third paragraph of Walker's answer. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.