CASE 5—WRIT OF PROHIBITION—MARCH 9.

## Scott v. Tully, Etc.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

WRIT OF PROHIBITION.—A writ of prohibition will not lie from the circuit court to a court of a justice of the peace to prevent the latter from giving an erroneous construction to a statute where the amount involved is within the jurisdiction of the justice's court.

CAMPBELL & CAMPBELL FOR THE APPELLANT.

1. Section 1701 of the Kentucky Statutes is special or class legislation and is in conflict with the general exemption law of the State. Schoolcraft's Admr. v. L. & N. R. R. Co., 13 Ky. Law Rep., 517; Kentucky Trust Co. of Louisville v. Lewis, 82 Ky., 579; Winchester Bldg. & L. Assn. v. Gordon, 12 Bush, 110; Smith v. Warden, 4 Ky. Law Rep., 553.

2. The writ of prohibition was a proper remedy. Gould v. Capper, 5 East., 345; Spelling on Extraordinary Relief, vol. 2, sec. 1732; Arnold v. Shield, 5 Dana, 20; Pennington v. Woolfolk, 79 Ky., 13; 3 Ky. Law Rep., 42; Civil Code, sec. 479.

NO APPEARANCE FOR THE APPELLEES.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

There was pending before J. C. Tully, a justice of the peace of McCracken county, an action wherein the Jake

Beiterman Grocer Company sued James S. Scott to recover on an account for $21.87, in which action a general order of attachment was obtained and served upon the Illinois Central Railroad Company as garnishee, and by its answer it appeared that there was due him a sum less than $50. He was a housekeeper, with a family depending upon him for support, and did not have on hand sufficient provisions, including breadstuffs and animal food, to sustain them for one year, and claims that in lieu thereof he was entitled to have adjudged to him the sum in the hands of the garnishee as exempt from the payment of the debt. He appears to be a laborer who works for wages, and the sum due him was wages earned in the service of the garnishee. It is averred that Tully, in other cases involving the same question, decided that an amount due for wages could be subjected to the payment of similar debts, and he would do so in that case.

It is insisted that section 1697, Kentucky Statutes, secures to him the fund in contest as exempt from the payment of the debt due the grocer company; and that section 1701, Kentucky Statutes, which reads as follows: "The wages not to exceed fifty dollars, of all persons who work for wages, shall be exempt from execution, attachment, distress for rent, garnishment or fee-bills: Provided, That the exemption of fifty dollars shall not apply to debts contracted for food, raiment (fuel, medicine) or house rent for the family"—is unconstitutional, because it is partial legislation, etc. It is contended that under section 1697 any person other than one who works for wages would be entitled to personal property, wages, money, or growing crops in lieu of bread-stuffs and animal food to sustain his family for one year; whilst under section 1701 a man who works for wages is not given such rights.

Scott v. Tully. &c.

It is useless for us to go into the history and philosophy of exemption laws, or to determine whether section 1701, Kentucky Statutes, is inconsistent with section 1697, Kentucky Statutes, or whether or not section 1701 is violative of the bill of rights or the Federal Constitution, etc. As we understand this case, that question is not involved on this review of the judgment of the court below.

The plaintiff sought to have issued by the circuit court of McCracken county a writ of prohibition against the justice of the peace, to compel him to abstain from the trial of the case. It is only where a court of inferior jurisdiction is proceeding to try or control a case out of its jurisdiction when the circuit court is authorized to issue a writ of prohibition.

Section 479, Civil Code of Practice reads as follows: "The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction."

The appellant claims that the court has not jurisdiction, because, under the law, the debt in the hands of the garnishee is not liable to the payment of the plaintiff's debt; and he proceeds to argue that, therefore, the court did not have jurisdiction of the case. This proposition can not be maintained.

In the case of Arnold v. Shields, 5 Dana, 19 [30 Am. Dec., 669], the court had under consideration precisely the same question as is involved in this case. In that case it was claimed that the statute imposing the penalty which was sought to be enforced in the justice's court was unconstitutional. The opinion in that case is to the effect that prohibition will lie only to prevent a court from proceeding in or exercising control over a case of which it has no jurisdiction, and does not lie to prevent a tribunal

from deciding erroneously; that an unconstitutional act, being void, could not confer jurisdiction upon a court; and that the justice of the peace could not take cognizance of an action for a penalty imposed by it *if the right to do so depended exclusively upon the statute imposing it.*

The court in this case, as in the Arnold-Shields case, had jurisdiction independent of the statute, the constitutionality of which is questioned; and the mere fact that the justice of the peace would treat as valid an act which was unconstitutional in rendering a judgment would not authorize the court to issue a writ of prohibition. When the jurisdiction of the court is fixed by a valid act, it can not be said that the court is proceeding without its jurisdiction, because, if permitted to try the case, it would render an erroneous judgment.

In delivering the opinion of the court in Arnold v. Shields, Judge Robertson said: "The authority of the circuit court to order the prohibition depends altogether on the assumed fact that the justice of the peace had no jurisdiction over the cases in which he was attempting to proceed; for it is well settled that a writ of prohibition does not lie to prevent a court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate, but can be sustained only for preventing usurpation of judicial power by a court which has no authority to decide the case in which it assumes the right to act judicially."

We are of the opinion that the circuit court properly decided that it had no right to interpose by a writ of prohibition. Having reached this conclusion, we have disposed of the question here for review; and should we express an opinion on the question as to whether section 1701, Kentucky Statutes, is unconstitutional, it would be advisory,

and we therefore deem it best to confine our opinion to the question before us for consideration.

The judgment is affirmed.