## FIRST NAT. BANK OF BUFFALO v. WARD.

No. 11234—Opinion Filed May 22, 1923.

1. **Contracts — Construction — Intention of Parties.**
In construing and interpreting a written instrument, where the effect of the language used is in controversy, this court will consider the circumstances and conditions under which the instrument was executed and the objects and purposes sought to be attained by the parties, as aids in reaching a just conclusion, as authorized by Comp. Stats. 1921, sec. 5050.

2. **Appeal and Error—Reversal on Error of Law—Directions to Lower Court.**
Where the sole question presented on appeal is one of law, and it is determined that the lower court erred therein, and that under no phase of the record as presented is the defendant in error entitled to judgment, this court will reverse the cause and direct the lower court to render a proper judgment. Comp. Stats. 1921, sec. 801.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by First National Bank of Buffalo against James Ward upon a certain promissory note dated July 1, 1917, and payable October 1, 1918, for the sum of $500 with interest at 8 per cent. per annum from date. The lower court directed a verdict for the defendant, and judgment was rendered accordingly, and plaintiff brings error. Reversed and remanded, with directions.

J. L. Griffitts and L. T. Wilson, for plaintiff in error.

A. J. Stevens and H. A. Noah, for defendant in error.

Opinion by LOGSDON, C. In the spring of 1917, the Buffalo & Northwestern Railway Company was contemplating building a line of railway from Waynoka to Buffalo, said proposed line penetrating a section then without any railroad facilities. On May 9, 1917, the defendant executed a certain promissory note for the sum of $500 payable to the Buffalo & Northwestern Railway Company on December 1, 1917. Contemporaneously with the execution of said note another instrument of writing was executed between the parties, and which was introduced in evidence upon the trial as defendant's "Exhibit 2". Thereafter the defendant executed another note for the sum of $500, payable to the Buffalo & Northwestern Railway Company, bearing date of July 1, 1917, and payable October 1, 1918. At the time of the execution of the second note, the first note was indorsed "paid with new note", and delivered to the defendant. The second note, dated July 1, 1917, is the note sued on in this action.

Defendant answered by a general denial, and then as a special defense pleaded failure of consideration, his special plea reading as follows:

(2) "Pleading further, defendant states that in the month of May, 1917, he entered into a written contract and agreement with the Buffalo & Northwestern Railway Company, whereby said company agreed to build, construct and operate within the year 1917, a railway of standard gauge from Waynoka, through Woods county, to Buffalo, in Harper county, Oklahoma. That he made, executed and delivered to said railway company his promissory note in the sum of $500, due December 1, 1917. That said note was given in consideration of the aforesaid agreement and promise and in consideration of the benefits and privileges to be derived from the construction and operation of said railroad, aforesaid. That the consideration of said note has wholly failed, and defendant states that none of the agreements on the part of the said railway company have been fulfilled; that said railroad has never been constructed beyond Freedom, and that the defendant has never derived any benefit from said agreement; that said railroad has never been built according to the agreement and never has

been built through Woods county to Buffalo, as agreed."

At the conclusion of all of the testimony and upon motion of the defendant, the court directed the jury to return a verdict in favor of the defendant, which was done, and judgment rendered accordingly. After unsuccessful motion for new trial, plaintiff has brought the case here by petition in error with case-made attached, and presents the case to this court upon the single proposition of law "that the trial court erred in directing a verdict in favor of the defendant in this case."

The note sued upon is an ordinary negotiable promissory note, without conditions of any kind.

The written instrument executed by the parties contemporaneously with the execution of the first note reads as follows:

"Buffalo, Okla., May 9, 1917.

"Received of James Ward one certain promissory note for $500 payable to the Buffalo Northwestern Railway Company or order, which note is in the following words and figures, to wit: One note for $500, due Dec. 1, 1917.

"We understand such note is given in consideration of the benefits to be derived from the building, and to aid such railway company to build, construct, and operate its railroad, and we agree to hold the same in trust until such time as a contract guaranteed by a performance bond shall have been entered into by and between the said railway company and a reliable contractor to build a standard gauge railway from Waynoka, through Woods county, to Buffalo, in Harper county, Oklahoma, within the year 1917, whereupon said note is to be unconditionally delivered to said railway company forthwith; provided, however, that if such note is paid before such delivery to the railway company, a discount of 5 per cent. will be allowed upon the face thereof:

"In the event that the foregoing conditions are not complied with, then said note is to be returned to the maker thereof.

"Not valid unless countersigned by W. W. Vincent, Agent.

"Countersigned by: W. W. Vincent, Agent.
"Dated at Freedom, Oklahoma, this 9th day of May, 1917.

"C. W. Voris
"J. W. Scott
"L. J. Johnson
"J. W. Frawley

"I accept the conditions as written above.
"James Ward."

Trustees were agreed upon between the parties who were to hold the notes of the landowners until the conditions agreed upon had been fulfilled by the railway company.

In order to reach a just conclusion in this case, it is necessary to determine what was intended by the parties in the execution of the written instrument above set forth. The defendant contended, and still contends, that it was the intention of the parties, in the execution of said instrument, that the line of railway should be completed and in operation during the year 1917, and it was upon this theory that the lower court directed a verdict for the defendant.

An examination of the instrument discloses that in its entirety, omitting the receipt for the note and the final paragraph, it is expressed in a single compound or complex sentence composed of two simple sentences or clauses, joined by the conjunction "and." Reduced to its component parts, the simple sentences composing this complex sentence would read as follows:

"We understand such note is given in consideration of the benefits to be derived from the building and to aid such railway company to build, construct, and operate its railroad.

"We agree to hold the same (the $500 note) in trust until such time as a contract guaranteed by a performance bond shall have been entered into by and between the said railway company and a reliable contractor to build a standard gauge railway from Waynoka through Woods county to Buffalo in Harper county, Oklahoma, within the year 1917, whereupon said note is to be unconditionally delivered to said railway company forthwith."

Thus analyzed, it is readily seen that the phrase, "within the year 1917," has no relation to or qualifying effect upon the first clause, or simple sentence. The language in the first clause, or simple sentence, as to the consideration for the note, stands unconditionally and unequivocally stated. What, then, is the qualifying effect of the phrase, "within the year 1917," upon the second clause or simple sentence, of which it is a part? Clearly is qualifies it in one of two ways. Either it requires the company to enter into its building contract, "within the year 1917," or it requires that the contractor shall be bound by the contract to build the road "within the year 1917." Which construction is the more reasonable and which expresses the intention of the parties more correctly under the conditions and circumstances existing at the time?

It must be borne in mind that they were contemplating the survey, grading, construction and completion of a line of railway

which is shown by the record in this case to be 58 or 60 miles in length, and for which no contract for construction had then been entered into. The consideration of these circumstances and conditions is authorized by section 5050, Comp. Stats. 1921 (Rev. Laws 1910, sec. 957), which is as follows:

"A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates."

It appears from the record in this case° that sometime in August, 1917, or possibly later, the note dated May 9, 1917, was returned to the maker with the indorsement "paid by new note", and that the new note was executed, and bore date of July 1, 1917, and is the note sued on in this action. As late, therefore, as August, 1917, the defendant knew that no contract had been entered into by the railway company for the construction of the proposed line, and it is unreasonable to suppose that at the time the new note was executed any of the parties expected the road to be built and in operation during the year 1917.

It is therefore concluded that the phrase, "within the year 1917", had relation to, and qualified the time within which the railway company was to make its contract with a reliable contractor. By this construction full effect and meaning are given to the words:

"Whereupon said note is to be unconditionally delivered to said railway company forthwith * * * to aid such railway company to build, construct and operate its railroad."

Any other construction would render this language vain and ineffectual—a mere sequence of words having no useful purpose.

Section 5039, Comp. Stats. 1921, provides:

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful."

Sec. 5041, provides:

"The language of a contract is to govern its interpretation, if the language is clear and explicit and does not involve an absurdity."

Sec. 5044, provides:

"The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."

Another matter entitled to be considered in this connection is that the maturity of the new note was extended ten months beyond the due date of the first note, which it canceled. This constituted a new, independent, good, and valuable consideration for the execution of the new note sued on in this action. Whether the new note was executed solely upon this new consideration, or rests upon both the old and the new considerations is not necessary to determine here.

Upon the trial of the case, E. C. Johnson, a witness for plaintiff, testified upon cross-examination as follows:

"Q. You are sufficiently familiar with the business of the Buffalo Northwestern to be able to say whether or not on the first day of January, 1918, it had been built as a standard gauge railway from Waynoka through Woods County north to the Cimarron River, crossing the said River in the vicinity of the Salt Plains in Woodward County to Buffalo in Harper County, Oklahoma, within the year 1917?

"A. It had not been completed within that year. Q. Did it have any track in Harper county? A. It didn't. Q. Had some little grading?' A. Major portion of the grading was done." (C.-M. pp. 79-80.)

This testimony of Mr. Johnson is uncontradicted, and the above quotations from his testimony show that the company did make a contract for the construction of the road "within the year 1917", and Mr. Johnson further testified as follows:

"Contract was entered into with reliable contractor and performance bond was put up guaranteeing to build a railroad from Waynoka to Buffalo, and before the notes were delivered to the Buffalo & Northwestern Railway Company." (C. M. p. 83.)

This testimony is likewise uncontradicted.

In view of this testimony and the conclusion which has been reached as to what is the correct interpretation of the written instrument involved in this case, it becomes unnecessary to consider the other question presented in the brief of plaintiff, that time was not of the essence of this contract. Upon the trial of the case and after both sides had rested and all of the testimony was in, the plaintiff filed its motion for a directed verdict, which was by the court overruled and exception reserved by the plaintiff to such ruling, and the action of the court in overruling said motion is assigned as error in the petition in error.

Comp. Stats. 1921, sec. 801, provides:

"When a judgment or final order shall be reversed on appeal. either in whole or in part, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment."

The judgment of the lower court should be reversed and the cause remanded, with directions to said court to overrule the motion of the defendant for a directed verdict in this case and to sustain the motion of the plaintiff for a directed verdict, and to render judgment in favor of the plaintiff for the amount sued for.

By the Court: It is so ordered.