**RENBERG v. THEDE et al.**

No. 18555.    Opinion Filed Sept. 11, 1928.

(Syllabus.)

**Receivers—Priority of Claim for Rent Accruing During Receivership.**

The rental of a leasehold which accrues after the appointment of a receiver is regarded as an expense incident to the administration of the receivership and should be paid before the claims of general creditors whose claims existed before the appointment of the receiver.

Error from Court of Common Pleas, Tulsa County: S. J. Clendenning, Judge.

Action by S. Renberg against L. P. Thede. J. H. Mahoney subsequently appointed receiver for defendant's business. From order of court overruling plaintiff's objections to referee's report and approving report and allowing attorney's fee, the plaintiff brings error. Reversed and remanded.

Silverman & Rosenstein, R. E. Rosenstein, and C. H. Rosenstein, for plaintiff in error.

Gerald F. O'Brien, for defendant in error J. H. Mahoney, Receiver.

HEFNER, J. S. Renberg, plaintiff below and plaintiff in error, brought an action against L. P. Thede, as defendant, to recover rent for certain premises occupied by her as a place of business. On the 3rd day of July, 1926, after the suit had been filed, the court of common pleas of Tulsa county appointed a receiver. The order, among other things, authorized the receiver to manage, operate, and conduct the business of the defendant and to collect and receive the income therefrom and to pay the necessary expenses of the business. Thereafter on the 5th day of August, 1926, the court entered its order discharging J. H. Mahoney as receiver, and the order of discharge directed him to deliver all property of the defendant in his possession to Yancey & Fist, trustees, under a trust mortgage executed by the defendant for the benefit of her creditors, and directed the receiver to file his report. The report discloses the receiver paid certain protested checks which had been issued to general creditors by the defendant prior to the receivership, and that he made certain other payments to general creditors of the defendant. All the indebtedness so paid existed before the appointment of the receiver.

The plaintiff filed objections to the report in which he excepted to all of the items of prior indebtedness paid by the receiver on the ground that same were unauthorized and improper, and before any payments could legally be made to general creditors by the receiver, the rent for the premises occupied during the term of receivership should be paid as a necessary expense of the receivership. No complaint is made of the receiver's management of the business, but the complaint is confined to the payment by the receiver of indebtedness of the defendant L. P. Thede which had been incurred before the receiver was appointed.

This appeal is from an order of the trial court overruling and disallowing said objections and exceptions to the receiver's report and approving and confirming said report and allowing the receiver's attorney a fee of $50 for his services rendered at the hearing of the report.

The only witness to testify at the hearing was the receiver, and his testimony shows the payments were made to general creditors of the defendant for indebtedness incurred prior to the receivership. The receiver made the payments without any authority from the court. There was no prorating of the indebtedness, and some of the creditors were not paid at all.

It is contended the receiver had no authority to make such payments without an order of the court directing the same to be made, and that the court had no legal authority to require the payments so made until the receiver had shown by clear and convincing evidence that such payments were either necessary or beneficial to the trust estate. It is further contended that even if the receiver had authority to make the payments, or if the court had jurisdiction to ratify them on the showing made, the reasonable rental for the premises occupied during the receivership was a necessary expense of the receivership and should have been paid before the general creditors of the defendant.

In the case of Perrin & Smith Printing Co. v. Cook Hotel & Excursion Co., 93 S. W. 341, the Court of Appeals at. St. Louis, Mo., announced the rule as follows:

"The rental of leaseholds for which receivers are liable is regarded as an expense incident to the administration of the receivership, and, like other costs, is to be paid before the assets of the debtor are distributed among his creditors."

This doctrine was also announced in the case of Schwartz v. Cahill (N. Y.) 115 N. E. 451, when in the opinion the court said:

"This action is brought by the landlord to recover $1,508.67, the value of the use and occupation, at the rate fixed by the lease, during the period of the receiver's possession. The rent due at the time of the receiver's appointment is not included. As to that the landlord must share, proportionately with other creditors, on a distribution of the assets. Rent during the receiver's possession stands, however, on a different basis."

The court in its order appointing the receiver directed him to carry on the business and to pay the necessary expenses thereof. Certainly the rent for the premises occupied by the business was one of the necessary expenses thereof. Not only is this true, but all expenses accruing after the appointment of the receivership were an indebtedness accruing by virtue of the acts of the receivership. All rent accruing after the appointment of the receiver should be paid before the assets are distributed to general creditors.

It is urged the court committed error in allowing an attorney's fee for services in representing the receiver in the hearing on the final report filed by the receiver. Under the facts in this case we do not think the court committed error in allowing the attorney's fee. There was error, however, in permitting general creditors to be paid out of the assets of the estate before the rent was paid which accrued after the receiver was appointed, and, for this reason, this cause is reversed and remanded.

MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.