## COMMERCIAL CASUALTY INS. CO. et al. v. RENBERG.

No. 21367. Opinion Filed Oct. 18, 1932.

Hal Crouch, for plaintiffs in error.

Silverman & Rosenstein and R. E. Rosenstein, for defendant in error.

KORNEGAY, J. This is a proceeding in error from the court of common pleas of Tulsa county; Honorable S. J. Clendenning, trial judge. This is the second time the case has been here. The original action was a suit by a landlord against the tenant for back rent, and for the purpose of subjecting the tenant's property to the satisfaction of the lien reserved in the lease upon the property. In that action a receiver was appointed, but he served only a few days and then another receiver was appointed, who is one of the plaintiffs in error in this case, J. H. Mahoney. His coplaintiff in error was his surety on his receiver's bond. His occupied the premises for the purpose of conducting the business, and without orders of the court he proceeded to pay out the funds that he had received on various claims, but failed to pay the rent that ac-

crued on the building that he was using for the purpose of conducting the business. He paid out practically all the money, leaving the claim of the plaintiff, $650, unpaid, then made a report to the lower court how he had spent the money, which was approved, and exceptions were taken thereto by the present defendant in error, and the case was brought to the Supreme Court in case No. 18555.

The Supreme Court reversed the lower court (Renberg v. Thede, 132 Okla. 247, 270 P. 62), and accompanied by a copy of the opinion and mandate, the case went back. The objections and exceptions to the receiver's report that came to this court were based on there being $650 due and there having been a good deal more than this in the hands of the receiver that was available to pay this claim that had been paid unlawfully on other claims. Exceptions were taken to several items that were embraced in the report, aggregating $1,368.48. An appeal was taken to the Supreme Court, and after the return of the mandate the lower court on the 29th of October, 1928, construing the mandate as requiring it, made an order for the payment by the receiver to the landlord, who is the defendant in error, of $650, within 30 days, with 6 per cent. interest from the date of the order. The order does not show that any exceptions were taken to it by the receiver. The syllabus to the decision of this court is as follows:

"The rental of a leasehold which accrues after the appointment of a receiver is regarded as an expense incident to the administration of the receivership and should be paid before the claims of general creditors whose claims existed before the appointment of the receiver."

In the body of the opinion reference is made to the payment of a lot of protested checks outstanding before the appointment of the receiver. Reference also is made to the testimony of the receiver as to these payments, and some cases are cited in the body of the opinion, in one of which distinction is made between the rent that was due before the receivership and that accrued after the receivership, the latter being classed as administrative expense, while the other is on the basis of debt. The cause was reversed and remanded, and the lower court construed the mandate of this court to be that this $650 should be paid, and made the order accordingly.

Considerable discussion was had between the attorneys and the court as to what this court required in its mandate. On the refusal of the receiver to make the payment,

the action was brought against the receiver on his bond for a breach thereof, and the matter was tried by the court, and the records in the suit, along with the mandate of this court and the opinion, and the report of the receiver, and the objections thereto, were introduced in evidence by the plaintiff, there being a stipulation as to the order having been made to pay and the refusal. The defendants demurred to the evidence and the demurrer was overruled, and the receiver was placed on the stand and related how much money he had, $179, remaining when his former report was made, and that under the mandate of the court $50 was paid out as attorneys' fees by the permission and order of the lower court, and the receiver claimed that he did not think any of it was left, and an effort was made to establish, by the receiver, that he had received verbal orders from the judge as to the expenditures that he had actually made, and objection was sustained to this, largely on the ground that those matters were concluded in the former case and the action of the Supreme Court thereon, and an offer was made to introduce in this case the testimony of the receiver that was taken in case No. 7143, it being stated that it was the testimony upon which the mandate was rendered. The court refused to allow the introduction, and rendered judgment for the amount of the rent, $650, and motion for new trial was had and overruled, and case-made brought here.

The ground of complaint is that the opinion of the Supreme Court has been misconstrued by the court below, and that the receiver having paid out virtually the entire funds in his hands in good faith, and under order of the court, was by such payment wholly discharged from further liability, and that the defendant's liability was upon express condition and its contract was to be strictly construed. The case of First Nat. Bank v. Ward, 91 Okla. 33, 215 P. 752, is cited on the theory that this court, if it meant for the lower court to do what was done, should have rendered a judgment to that effect to start with. The point is made that by verbally applying to the court in making the expenditures that were made, the receiver had absolved himself from liability, and the case of Bridges v. McAlister, 106 Ky. 71, 45 L. R. A. 800, and the case of Hovey v. McDonald, 109 U. S. 150, and Colgate v. Roberts, 85 Ind. 464, and several more cases are cited to the effect that in a case of this sort the court made the error and not the receiver, and that the receiver is not responsible. We think, however, that those matters were all matters brought to the attention of this court on the former appeal, and were before the court on the former appeal, and that the court there held, for all practical purposes, that the paying out of the money on the protested checks was unauthorized by law.

An inspection of the record shows that there would have been ample funds to have paid this expense of administration, had it not been applied to other claims and debts that should not have been paid, according to the decision, until the claim in question was liquidated. There is a further proposition urged that we should not lose sight of the fact that the surety or guarantor is the favorite of the law, and that his liability should be construed strictly.

Counter brief has been made, citing several cases on the subject of the findings of the Supreme Court being res adjudicata, so far as the lower court is concerned, and some quotations are made from Tardy's Smith on Receivers. Cases are cited holding the sureties are bound by the orders that were made with reference to the receiver.

It appears from the review of the matter, that the questions here involved were settled on the former appeal, and that the lower court followed the decision. We think, therefore, that the lower court did not err in rendering the judgment that it did, and the case is accordingly affirmed at the cost of the plaintiffs in error.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. RILEY and ANDREWS, JJ., absent.