## SAVAGE v. ALTER.

### No. 35746.

Supreme Court of Oklahoma.
March 30, 1954.

James B. Coppedge, Tulsa, for plaintiff in error.

A. C. Saunders, R. C. Saunders, Tulsa, for defendant in error.

ARNOLD, Justice.

This action was commenced by W. S. Alter, hereinafter referred to as plaintiff, to recover a money judgment against defendant, Josephine Alter Savage. Trial was to the court without a jury. A judgment was rendered for plaintiff for $3,125 and defendant has appealed.

The record discloses that after a marriage of approximately fourteen years the parties were divorced in 1948. A property settlement was theretofore entered into dated December 22, 1947. During their marriage and up until sometime in 1947 they operated as a partnership a business known as the American Canvas Manufacturing Company. Sometime in December, 1948, after the separation agreement

and divorce the United States Government caused to be assessed against plaintiff and defendant individually, and occasioned by the partnership operated for the year 1945, approximately $127,000 in unpaid income taxes. This assessment was eventually reduced to approximately $28,000 for each of the parties. Subsequent to this assessment a difficulty arose between the agents hired by the plaintiff and defendant to reduce the assessment which difficulty was settled for $5,500. In addition plaintiff incurred $750 expenses of counsel. It was half of this amount for which judgment was rendered against defendant.

Although the action as presented to the trial court contained other matters under the allegations presented to this court it is only necessary to consider the liability of the defendant for her one-half of this $6,250.

The alleged errors of the trial court are presented in three general propositions. However the defendant makes but one single argument. It is her position that by reason of certain provisions in the property settlement contract above referred to she was absolved from any liability on account of expenses incurred in the settlement of the assessment and a subsequent action to recover for the services rendered in settlement of the assessment. The separation agreement dated December 22, 1947, is involved and we shall only refer to the two clauses relied upon by defendant. The first clause is found in the recital of the contract stating that there is transferred to W. S. Alter the property known as the American Canvas Manufacturing Company whether represented by partnership or corporate interests together with all of the assets thereof of whatsoever nature. The second clause is found in paragraph 8 of the contract the wording of which as relied upon is as follows:

"* * * and each party hereto binds himself and herself to hold the other free and harmless from any and all damages, or liabilities, debts, or other actions that may hereafter accrue or be incurred in connection with the separate property and interest of each party as set forth herein."

The cases cited by defendant in error are based on the assumption that the terms of this separation agreement applied to the oral agreement regarding the expenses incurred in settling the assessment made for the 1945 taxes. We have carefully noticed each argument presented by defendant and the cases cited in support thereof and are unable to agree with the argument presented. Among those cases are: Northwestern Oil & Gas Co. v. Branine, 71 Okl. 107, 175 P. 533, 3 A.L.R. 344; Gates Oil Co. v. Prairie Oil & Gas Co., 159 Okl. 288, 15 P.2d 56; Goble v. Bell Oil & Gas Co., 97 Okl. 261, 223 P. 371; and Thompson Drilling Co. v. Northern Ordnance Co., D.C., 73 F.Supp. 1. Most of the cases cited are those in which a contract admittedly applicable is considered and construed.

The clauses above referred to would have no application to a valid oral contract entered into subsequent to the separate property settlement and the divorce with respect to any obligation arising wholly out of a situation not contemplated or known by either of them and creating a liability arising out of taxes due and unpaid by the former partnership by reason of its operation in the year 1945.

The evidence discloses that the original claim of $127,000 was reduced by approximately 50 per cent. Defendant shared equally with plaintiff in the benefits of this reduction. The separation agreement did not apply to the additional taxes for the year 1945 and the assessment against each partner individually. In Replogle v. Indian Territory Illuminating Oil Co., 193 Okl. 361, 143 P.2d 1002 in the third paragraph of the syllabus it is said:

"When the meaning of a contract is uncertain, the circumstances under which it was made and the matter to which it relates should be considered for the purpose of resolving the ambiguity before resorting to the rule which requires resolution of the uncertainty against the person responsible for it. 15 O.S.1941 §§ 163 and 170."

There are numerous other cases that announce the rule that a party is bound by the terms of a contract only to the ex-

tent that it covers the circumstances and situation arising out of the subject matter of the contract. See, in this connection, First Nat. Bank v. Ward, 91 Okl. 33, 215 P. 752; Carder v. Blackwell Oil & Gas Co., 83 Okl. 243, 201 P. 252.

█ The taxes for the partnership for 1945 as increased by the assessment of the United States Government were not contemplated by or covered in the separation agreement.

The evidence is sufficient to establish not only an oral agreement but a consideration for the obligation to pay the $3,125 for which judgment was rendered.

Affirmed.

CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.